UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALEEM MUHMMAUD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | PRISONER CASE NO. |
| | : | 3:08-cv-01199 (VLB) |
| BRIAN MURPHY ET AL., | : | |
| Defendants. | : | November 24, 2008 |

## RULING ON PLAINTIFF'S MOTIONS [Docs. #20, 22, 23]

On October 2, 2008, the plaintiff filed a motion asking the Court to amend his complaint by substituting certain pages in his original complaint. The Court denied that motion without prejudice because the Court cannot alter a document that is already in the record. The Court permitted the plaintiff to file a motion to amend accompanied by a complete amended complaint. The plaintiff now seeks an additional 60 days to file his proposed amended complaint or permission to withdraw his action. He also has filed a motion for appointment of counsel and a motion "nunc-pro-tunc."

### I. Motion for Appointment of Counsel [Doc. #20]

The plaintiff seeks appointment of pro bono counsel in this matter. He states that three attorneys or legal assistance clinics have declined representation and that the Pro Se Prisoner Litigation Office will not draft documents for him. The Pro Se Prisoner Litigation Office referenced in the Court's Initial Review Order [Doc. #6] is a unit of the Court. The Office was directed to effect service of the complaint, which has been done. The Office is

not responsible for providing legal assistance to pro se litigants. The plaintiff should contact the Inmates' Legal Assistance Program for assistance in drafting documents.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). In emphasizing the importance of requiring an indigent to "pass the test of likely merit," the Second Circuit explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 60-61. The defendants have filed a motion to dismiss, and the Court is waiting for the plaintiff to file his amended complaint before reviewing the merits of that motion. At this time, therefore, the Court cannot ascertain whether any of the plaintiff's claims likely have merit. Accordingly, the motion for appointment of counsel is denied without prejudice to refiling at a later stage of this litigation.

## II. Motion "Nunc-Pro-Tunc" [Doc. #22]

In his motion "nunc-pro-tunc," the plaintiff states that the correctional institution was locked down for over a week in October 2008. He seeks an extension of time to respond to any orders that may have been issued during that time. The Court issued no orders requiring a response from the plaintiff during the period of the lockdown. Thus, his motion is denied as moot.

### III. Motion for Extension of Time to File Amended Complaint [Doc. #23]

The plaintiff states that he needs 60 days to file an amended complaint because he must handwrite the amended complaint and motion. He also states that he asked the Inmates' Legal Assistance Program to draft the amended complaint for him but has received no response to his request. The plaintiff's statement that he must handwrite his complete amended complaint is not correct. Although the Court was unable to substitute the submitted pages for pages in the original complaint, there is no prohibition against the plaintiff making the substitution in his copies. He could then re-sign the document and file it with his motion to amend. Because the plaintiff already has drafted the pages he wishes to substitute, immediate assistance from the Inmates' Legal Assistance Program is not required.

In the alternative, the plaintiff seeks permission to withdraw his complaint without prejudice. If the plaintiff wishes to withdraw this action, he may do so by filing a Notice of Voluntary Dismissal at any time before the defendants file an answer or motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i).

### IV. Conclusion

The plaintiff's motion for appointment of counsel [Doc. #20] is DENIED without prejudice, his motion "nunc-pro-tunc" [Doc. #22] is DENIED as moot and his motion for extension of time to file an amended complaint [Doc. #23] is GRANTED in part and DENIED in part. The plaintiff shall file his motion for leave to amend and proposed amended complaint on or before December 29, 2008, or,

if he wishes to withdraw this action, a Notice of Voluntary Dismissal.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 24, 2008.